**Electronically Filed
Supreme Court
SCWC-15-0000066
15-JUN-2017
08:15 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---oOo---

_____

STATE OF HAWAI'I, Respondent/Plaintiff-Appellee,

vs.

STANLEY S.L. KONG, Petitioner/Defendant-Appellant.

_____

SCWC-15-0000066

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-15-0000066; CR. NO. 09-1-0683(2))

JUNE 15, 2017

RECKTENWALD, C.J., NAKAYAMA, McKENNA, AND WILSON, JJ., WITH
CIRCUIT JUDGE CHANG IN PLACE OF POLLACK, J., RECUSED

OPINION OF THE COURT BY McKENNA, J.

## I.  Introduction

In this case, the Circuit Court of the Second Circuit[1]
("circuit court") sentenced Stanley S.L. Kong to consecutive
terms of imprisonment, due to his "extensive criminality," based
on a Presentence Investigation Report ("PSI") that erroneously

---

[1]     The Honorable Shackley F. Raffetto presided.

included two prior convictions. These prior convictions had been previously vacated, remanded, and ultimately dismissed, but Kong's counsel did not bring this to the circuit court's attention. When Kong directly appealed his sentence, this court affirmed the circuit court. State v. Kong, 131 Hawai'i 94, 315 P.3d 720 (2013) ("Kong I"). We first held that the circuit court adequately articulated the basis for Kong's consecutive sentences when it referenced Kong's "extensive criminality." 131 Hawai'i at 103, 315 P.3d at 729. We then held that the burden had been upon Kong to challenge, before the circuit court, the erroneous inclusion of the two prior convictions. 131 Hawai'i at 106, 315 P.3d at 732. We further held that the sentencing court did not plainly err in relying upon the erroneous PSI, in light of Kong's many other prior convictions. 131 Hawai'i at 107, 315 P.3d at 733.

Three days after this court issued its opinion in Kong I, Kong filed a motion under Hawai'i Rules of Penal Procedure ("HRPP") Rule 35(b) (2003)[2], to "reconsider or reduce sentence."

---

[2]     HRPP Rule 35 provides the following:
             **(a) Correction of Illegal Sentence.** The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. A motion made by a defendant to correct an illegal sentence more than 90 days after the sentence is imposed shall be made pursuant to Rule 40 of these rules. A motion to correct a sentence that is made within the 90 day time period shall
                                                      (continued. . .)

Before a different judge of the circuit court,[3] he challenged the erroneous inclusion of the two prior convictions in his PSI. The circuit court denied Kong's motion.  While it acknowledged that it might have sentenced Kong differently, the circuit court ultimately expressed its doubts that it could re-evaluate Kong's sentence in light of Kong I.  The Intermediate Court of Appeals ("ICA") affirmed, holding that Kong could not challenge, via a Rule 35 motion, the erroneous inclusion of the two vacated and dismissed prior convictions in his PSI in the first place.

On certiorari, Kong presents the following questions:

> 1.  Did the Intermediate Court of Appeals gravely err when it held that the lower court may abdicate its power to independently review, reconsider, and reduce an original sentence thereby undermining the policies and purposes of HRPP Rule 35?
>
> 2.  Did the ICA gravely err in holding that Mr. Kong could not raise a good-faith challenge to the use of invalid and vacated prior convictions in his Rule 35 motion?

---

(continued. . .)

empower the court to act on such motion even though the time period has expired.
    **(b) Reduction of Sentence.** The court may reduce a sentence within 90 days after the sentence is imposed, or within 90 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 90 days after entry of any order or judgment of the Supreme Court of the United States denying review of, or having the effect of upholding the judgment of conviction.  A motion to reduce a sentence that is made within the time prior shall empower the court to act on such motion even though the time period has expired.  The filing of a notice of appeal shall not deprive the court of jurisdiction to entertain a timely motion to reduce a sentence.

[3]    The Honorable Peter T. Cahill presided.

We hold that the ICA erred in holding that a challenge to the erroneous inclusion of prior convictions in a PSI cannot be brought on a Rule 35 motion for post-conviction relief. Therefore, the circuit court properly entertained the motion. The circuit court erred, however, by (1) concluding that Kong I precluded its re-evaluation of Kong's sentence; and (2) failing to address Kong's challenge to the inclusion of the two vacated and dismissed prior convictions in his PSI.  Therefore, we vacate the ICA's December 27, 2016 Judgment on Appeal, and its November 29, 2016 Memorandum Opinion.  This case is remanded to the circuit court for further proceedings consistent with this opinion.

## II.  Background

### A.  2011 Sentencing and First Appeal

In April 2011, Kong was convicted and sentenced to consecutive sentences for one count of promoting a dangerous drug in the second degree (ten years), and one count of prohibited acts relating to drug paraphernalia (five years). The circuit court sentenced him to consecutive sentences based on his "extensive criminality," as reflected in the multiple felony convictions contained in his PSI.  Kong I, 131 Hawai'i at 96, 315 P.3d at 722.  Two felony convictions in the PSI, however, had been previously vacated, remanded, and ultimately

dismissed, but Kong's counsel did not object to their use in sentencing.  131 Hawai'i at 105, 315 P.3d at 731.

Kong first appealed his sentence in May 2011.  On appeal, Kong raised the following points of error regarding his sentencing:  "(1) whether the circuit court erred in imposing consecutive terms of imprisonment without adequately articulating a rationale; [and] (2) whether the circuit court violated Kong's due process rights by basing its sentence on certain crimes set forth in the PSI report . . . that Kong alleged were 'vacated, remanded, and ultimately dismissed. . . .'"  131 Hawai'i at 99, 315 P.3d at 725.  The ICA affirmed his conviction and sentence.  State v. Kong, 129 Hawai'i 135, 295 P.3d 1005 (App. 2013).

This court affirmed the ICA.  Kong I, 131 Hawai'i 94, 315 P.3d 720.  We answered in the negative Kong's first question presented:  whether the circuit court's statement regarding his "extensive criminality" was insufficient to justify the imposition of consecutive sentences and did not meet the requirements of State v. Hussein, 122 Hawai'i 495, 229 P.3d 313 (2010).  Kong I, 131 Hawai'i at 103, 315 P.3d at 729.  We noted that Hussein directed circuit courts to "state on the record at the time of sentencing the reasons for imposing a consecutive sentence," and that the circuit court's "extensive criminality"

5

comment satisfied this requirement.  Kong I, 131 Hawaiʻi at 102, 103, 315 P.3d at 728, 729.

This court also found without merit Kong's second question presented:  whether his sentence constituted plain error because it was based on crimes he did not commit.  Kong I, 131 Hawaiʻi at 104, 315 P.3d at 730.  Before this court, Kong had argued that State v. Sinagoga, 81 Hawaiʻi 421, 918 P.2d 228 (App. 1996)[4]

---

[4]    Sinagoga set forth five steps "to be taken by Hawaiʻi courts in cases where ordinary sentencing procedures are applicable and there is a possibility that the court may use the defendant's prior conviction(s) as a basis for the imposition or enhancement of a prison sentence":

> Step one, the court shall furnish to the defendant or defendant's counsel and to the prosecuting attorney a copy of the presentence report, HRS § 706-604, and any other report of defendant's prior criminal conviction(s).  Step two, if the defendant contends that one or more of the reported prior criminal convictions was (1) uncounseled, (2) otherwise invalidly entered, and/or (3) not against the defendant, the defendant shall, prior to the sentencing, respond with a good faith challenge on the record stating, as to each challenged conviction, the basis or bases for the challenge.  Step three, prior to imposing the sentence, the court shall inform the defendant that (a) each reported criminal conviction that is not validly challenged by the defendant is defendant's prior, counseled, validly entered, criminal conviction, and (b) a challenge to any reported prior criminal conviction not made by defendant before sentence is imposed may not thereafter, absent good cause, be raised to attack the court's sentence.  Step four, with respect to each reported prior criminal conviction that the defendant challenges, the [Hawaiʻi Rules of Evidence] shall apply, and the court shall expressly decide before the sentencing whether the State satisfied its burden of proving to the reasonable satisfaction of the court that the opposite of the defendant's challenge is true.  Step five, if the court is aware of the defendant's prior uncounseled or otherwise invalid criminal conviction(s), it shall not impose or enhance a prison sentence prior to expressly stating on the record that it did not consider it or them as a basis for the imposition or enhancement of a prison sentence.

81 Hawaiʻi at 447, 918 P.2d at 254.  This framework was modified in State v. Veikoso, 102 Hawaiʻi 219, 74 P.3d 575 (2003).  The Veikoso court held that "a
(continued. . .)

should not "extend to cases where convictions did not exist at the time of sentencing," or, in the alternative, that Sinagoga should be overturned.  Id.  We disagreed with Kong, holding that the Sinagoga framework applied to his case.  131 Hawaiʻi at 105, 315 P.3d at 731.  Under step two of the Sinagoga framework, the defendant bears the burden of challenging prior convictions in a PSI that the defendant alleges were "uncounseled" or "not against the defendant."  Sinagoga, 81 Hawaiʻi at 447, 918 P.2d at 254.  We held that the vacated and dismissed prior convictions were "not against the defendant"; therefore, Kong bore the burden of challenging the inclusion of these prior convictions in his PSI.  Kong I, 131 Hawaiʻi at 106, 315 P.3d at 732.  As Kong did not challenge the convictions before the circuit court, we held that the circuit court did not err in relying on the PSI at sentencing.  131 Hawaiʻi at 105, 315 P.3d at 731.

We also held that the circuit court's use of the vacated and dismissed convictions in sentencing did not amount to plain error, as "the record indicate[d] that the circuit court based its imposition of a consecutive sentence on Kong's 'extensive'

(continued. . .)
defendant may not collaterally attack prior counseled DUI convictions on the basis that they were obtained as the result of allegedly invalid guilty pleas."  102 Hawaiʻi at 226, 74 P.3d at 582 (footnote omitted).  In a footnote, this court stated, "Because the 'otherwise invalidly entered' language in [step two of the] Sinagoga [framework] may be construed as permitting collateral attacks whenever the validity of a conviction is challenged, we emphasize, in light of our holding today, that this language should be disregarded."  102 Hawaiʻi at 226 n.8, 74 P.3d at 582 n.8.

criminal record as a whole and not solely on the specific convictions that Kong allege[d were] invalid." 131 Hawaiʻi at 107, 315 P.3d at 733. In light of the many other prior convictions referenced in the PSI, we held, "[I]t cannot be said that Kong's substantial rights were affected by the circuit court's use of the PSI report." Id. (footnote omitted).

**B. Kong's Rule 35 Motion**

Three days after Kong I was issued, Kong filed an HRPP Rule 35(b) Motion to "reconsider or reduce sentence." Kong asked the circuit court to re-sentence him to a concurrent 10-year prison term instead of the 15 consecutive years Judge Raffetto had originally sentenced him on the two drug convictions. At this time, Kong raised his Sinagoga challenge to the PSI's erroneous inclusion of the two vacated and dismissed convictions. Kong also attached a prison progress report reflecting the completion of a number of required and voluntary programs. "Substance Abuse-RDAP III (IOP)" was the only required program marked "Incomplete."

The State opposed Kong's motion. The State argued that Kong's motion essentially requested concurrent, rather than consecutive, sentencing. The State defended the consecutive sentence as appropriate.

The circuit court held a hearing on Kong's motion. At the hearing, the circuit court stated that "it wouldn't be a wise

thing to do" to reduce Kong's drug and paraphernalia sentences in light of the fact that Kong had not completed the required substance abuse program. Kong's counsel explained that the erroneous addition of the two vacated and dismissed convictions resulted in Kong's classification at a different level for programming purposes; were Kong to be classified accurately, Kong's counsel contended that Kong's substance abuse program would be considered completed.

The circuit court suggested to Kong's counsel that he file a motion to correct the PSI so that the State would have an opportunity to respond. With regard to any potential reconsideration or reduction of sentence, the circuit court stated, "I'm not suggesting to you [defense counsel] that I'm going to do anything different than what's already been done. Because it's already gone up on appeal." The circuit court continued the motion to reconsider or reduce sentence.

Kong's counsel filed a supplemental memorandum in support of his motion for reconsideration or reduction of sentence. Attached was a 1994 "Notice and Judgment on Appeal," in which the ICA vacated Kong's convictions for Burglary in the Second Degree and Unauthorized Control of a Propelled Vehicle, and remanded the case for further proceedings. Also attached was a 1995 "Motion to Dismiss with Prejudice," in which the prosecutor's office, upon remand from the ICA, moved for an

order dismissing the case with prejudice.  The motion was "approved and so ordered," as indicated by a judge's signature on the bottom left of the motion.

Kong's counsel also filed a "Written Notice of Objection to the Pre-Sentence Report and Other Materials Contained in the Court File."  The written notice asked, inter alia, that all references to the vacated and dismissed prior convictions be removed from Kong's PSI.  The State did not file a response to the written notice.  There is nothing in the record indicating that the circuit court acted upon the written notice.

At the continued hearing on the motion to reconsider or reduce sentence, the State argued that this court's Kong I opinion had "held that there was no abuse of discretion and the Court made a proper finding in sentencing [Kong]."  The State argued that Kong's sentence had been "reviewed by the appellate process twice," and that Kong's motion for reconsideration or reduction of sentence was without merit.

Kong's counsel disagreed that this court's opinion in Kong I foreclosed reconsideration or reduction of Kong's sentence. He stated that the appeal was not about the sentence itself; rather, the appeal concerned whether the initial sentencing court had sufficiently articulated the basis for the sentence, and whether it was plain error for the sentence to be based on a PSI that included the two vacated and dismissed convictions.

Kong's counsel also pleaded for leniency, asking the circuit court to re-evaluate Judge Raffetto's sentence.

The circuit court also heard from Kong, who asked to be sentenced based on only his valid convictions.  The circuit court stated, "Well, I don't disagree with you there, and I appreciate what you are saying."

The circuit court ultimately sided with the State.  The circuit court suggested that it would have sentenced Kong differently had it been the initial sentencing court, but doubted that the initial sentence was "inherently unjust or unfair," in light of the fact that the Kong I court did not remand Kong's case for resentencing:

> This has already been -- this sentence was appealed, and the Supreme Court reviewed it, and if the Supreme Court felt -- I understand the grounds when they look at these things.  But the appellate court -- the appellate court has really scrutinized a lot of these cases, especially with the composition of our present court.  Even if it wasn't raised, if they feel this was inherently unjust or unfair, they would have sent it back, and they didn't.
> And so -- and I understand that disparity, but I don't know what Judge Raffetto's reasoning was, but that's what he did, and I just don't see the grounds to reconsider or reduce it.
> I'm not saying that's what I would have done, but that's not the standard to decide it.

The circuit court denied Kong's motion to reconsider or reduce sentence.  Although the circuit court seemed to accept that the PSI contained vacated and dismissed convictions, the record does not reflect that the circuit court disposed of

Kong's "Written Notice of Objection to the Pre-Sentence Report and Other Materials Contained in the Court File."[5]

## C.  ICA Appeal

On appeal, Kong raised the following points of error, which he continues to pursue on certiorari:

> [1].  The circuit court failed to independently consider the merits of Mr. Kong's motion and wrongly deferred to the appellate courts and the original sentencing judge.
>
> [2].  The circuit court failed to comply with the framework in State v. Sinagoga and address the challenged prior convictions contained in the pre-sentence investigation report.[6]

In a memorandum opinion, the ICA affirmed the circuit court's order denying Kong's motion to reconsider or reduce sentence.  State v. Kong, CAAP-15-0000066 (App. Nov. 29, 2016) (mem.) at 11.  As to the first point of error (whether the circuit court failed to independently consider the merits of Kong's motion and wrongly deferred to the appellate courts and the original sentencing judge), the ICA held that "the circuit court sufficiently considered the merits of Kong's motion," supporting its conclusion solely with a recapitulation of Kong's

---

[5]    We note that HRS § 706-604(2) (2014) provides, in pertinent part, "The court shall amend or order the amendment of the [pre-sentence] report upon finding that any correction, modification, or addition is needed and, where appropriate, shall require the prompt preparation of an amended report in which material required to be deleted is completely removed. . . ."

[6]    Kong also raised a third point of error:  "The prosecution's objection to a reduction in the sentence to concurrent terms of imprisonment violates an agreement reached with Mr. Kong."  As this point of error is not pursued on certiorari, this opinion does not address it.  As this court is vacating the ICA's judgment on appeal and remanding this case to the circuit court for further proceedings, defense counsel may raise this issue with the circuit court on remand.

filings in support of his motion and the arguments made in those filings and at the hearings on the motion.  Kong, mem. op. at 4. Next, the ICA "presume[d] that the circuit court considered all of the factors listed in HRS § 706-606[7] when it denied Kong's Motion to Reconsider or Reduce."  Kong, mem. op. at 6.  The ICA, however, did not address Kong's arguments that (1) the circuit court wrongly believed that this court had already ruled that Kong's sentence was fair and just and simply deferred to this court's Kong I opinion; and (2) the circuit court wrongly deferred to Judge Raffetto's initial sentencing decision.

The ICA did directly address Kong's second point of error (whether the circuit court failed to comply with the Sinagoga framework and address the challenged prior convictions contained in the PSI).  Kong, mem. op. at 7-10.  The ICA held that Sinagoga did not apply to Kong's motion to reduce his sentence in the first place.  Kong, mem. op. at 9.  The ICA reasoned only that "[t]here is nothing in Sinagoga to suggest that it applies

---

[7]     HRS § 706-606 (2014) is titled, "Factors to be considered in imposing a sentence," and it includes (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; and (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

13

to Kong's motion to reduce his sentence." Id. The ICA cited no other authority for its holding.

Regardless of its holding, the ICA went on to state, "[W]e do not suggest that the circuit court should consider convictions improperly entered on a PSI report." Id. The ICA then stated that it did not appear that the circuit court relied on the vacated and dismissed convictions when it denied Kong's motion to reconsider or reduce sentence. Id. The ICA noted that the circuit court asked Kong's counsel to file a separate motion to request a correction to the PSI. Id. Next, the circuit court asked Kong whether he had any other convictions besides the overturned ones, and when Kong answered affirmatively but asked to be sentenced with regard only to valid convictions, the circuit court stated, "I don't disagree with you there." Id. Thus, the ICA concluded, "[I]t appears that the circuit court recognized that some of Kong's convictions had been vacated and that the court did not rely on those vacated convictions when it denied Kong's Motion to Reconsider or Reduce." Kong, mem. op. at 10.

### III. Standard of Review

"A trial court has the discretion to, within the time limits set forth by HRPP Rule 35, reduce a sentence." State v. Williams, 70 Haw. 566, 569, 777 P.2d 1192, 1194 (1989). Therefore, orders on HRPP Rule 35 motions for reduction of

14

sentence are reviewed for an abuse of discretion.  "[F]actors which indicate a plain and manifest abuse of discretion are arbitrary or capricious action by the judge and a rigid refusal to consider the defendant's contentions."  State v. Kahapea, 111 Hawaiʻi 267, 278, 141 P.3d 440, 451 (2006).  "[G]enerally, to constitute an abuse it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant."  Id.

## IV.  Discussion

### A.    A defendant may raise a Sinagoga challenge to a PSI in connection with a Rule 35 motion to reduce sentence.

On certiorari, Kong asks, "Did the ICA gravely err in holding that Mr. Kong could not raise a good-faith challenge to the use of invalid and vacated prior convictions in his Rule 35 motion?"  Kong argues that it was appropriate for him, after Kong I held that Sinagoga applied, to raise a good-faith challenge to the inclusion of the vacated and dismissed convictions in his PSI in his Rule 35 motion, and, once the challenge was raised, the State and the circuit court should have addressed it.

As it raises a threshold issue, we start with Kong's challenge to the ICA's holding that the Sinagoga framework does not apply on a Rule 35 motion to reduce sentence.  The ICA

incorrectly held that Sinagoga did not apply to Kong's Rule 35 motion to reconsider or reduce sentence.  Kong, mem. op. at 9. The ICA reasoned only that "[t]here is nothing in Sinagoga to suggest that it applies to Kong's motion to reduce his sentence."  Id.  The ICA cited no other authority for its holding.

To the contrary, while there is no Hawai'i appellate case affirmatively holding that a Sinagoga challenge can be raised in a Rule 35 proceeding, there is authority suggesting the same. State v. Kido, 109 Hawai'i 458, 128 P.3d 340 (2006), is analogous to the instant case.  In that case, a defendant was charged and convicted with promoting a dangerous drug in the third degree and unlawful use of drug paraphernalia.  109 Hawai'i at 459, 128 P.3d at 341.  As part of his sentence, he was ordered not to enter the Chinatown Weed and Seed geographical area.  Id.  While that case was on appeal, the defendant was found in the Chinatown Weed and Seed geographical area and arrested.  Id. Upon being searched in preparation for incarceration, police found rock cocaine on the defendant.  109 Hawai'i at 459-60, 128 P.3d at 341-42.  The defendant pled no contest to a charge of promoting a dangerous drug in the third degree and was sentenced to five years in prison, with a mandatory minimum of one year in prison as a repeat offender, due to the prior drug and

16

paraphernalia convictions (that he had appealed).  109 Hawaiʻi at 460, 128 P.3d at 342.

A year after his sentencing as a repeat offender, the ICA vacated and remanded for a new trial the drug and paraphernalia convictions that had provided a basis for his repeat offender sentence.  Id.  The defendant then moved, under HRPP Rule 35(a), to correct an illegal sentence.  Id.  The circuit court denied the motion, and the defendant appealed.  Id.  (The defendant was later convicted of the drug and paraphernalia charges at his new trial.  109 Hawaiʻi at 461, 128 P.3d at 343.)

This court held that the circuit court erred in denying the defendant's Rule 35 motion (although the error was moot, as the defendant had been convicted of both charges at his new trial).  109 Hawaiʻi at 463, 128 P.3d at 345.  This court held, "[A] defendant is entitled, by timely HRPP Rule 35 motion to correct sentence . . . once the defendant has successfully attacked a prior conviction on which the sentence was based in whole or part because that conviction no longer constitutes a proper basis for increased punishment for a subsequent offense under HRS § 706-606.5," Hawaii's repeat offender sentencing statute.  109 Hawaiʻi at 467, 128 P.3d at 349 (footnote omitted).

The facts in Kido differ in three respects.  First, the defendant in Kido moved under subsection (a) of HRPP Rule 35 to

17

correct an illegal sentence, while Kong moved under subsection (b) of the rule to reduce his sentence.  Second, the defendant in Kido challenged the imposition of a mandatory minimum sentence as a repeat offender, while Kong challenged the erroneous inclusion of vacated and dismissed convictions in the PSI as a basis for his consecutive sentence.  Third, the defendant in Kido did not expressly bring a Sinagoga challenge in his Rule 35 motion, while Kong did in his.

Kido is, however, still analogous to this case. The holding quoted above clearly applies to Kong.  In addition, the relief sought under subsections (a) and (b) under HRPP Rule 35 differ only in degree; while subsection (a) allows correction of a sentence in violation of the law, subsection (b) allows reduction of a sentence that, while lawful, may nevertheless be too harsh.  See HRPP Rule 35 (a) and (b); United States v. Maynard, 485 F.2d 247, 248 (9th Cir. 1973) ("If a lawful sentence was lawfully imposed in the first instance, then the function of Rule 35 is simply to allow the [sentencing] court to decide if, on further reflection, the original sentence now seems unduly harsh.").

Second, it does not matter that the defendants in Kido and Kong challenged different types of sentencing (i.e., repeat offender sentencing in Kido, and consecutive sentencing in Kong).  The Sinagoga rule applies to ordinary sentencing.

18

Sinagoga, 81 Hawai'i at 440, 918 P.2d at 247.  Sinagoga itself noted that repeat offender sentencing and consecutive sentencing are both subject to "ordinary sentencing procedures."  Id. Therefore, a Sinagoga challenge may be brought in either sentencing context.

Third, although Kido did not involve an express Sinagoga challenge, the functional similarities between the Kido defendant's challenge and Kong's challenge to the use of invalid convictions in sentencing override differences in form.  Both Kido and Kong had two convictions vacated by the ICA, yet both defendants were subsequently sentenced as though those two prior convictions remained valid.  Both defendants brought Rule 35 motions seeking re-evaluation of their sentences.  This court in Kido held that a Rule 35(a) challenge should have been allowed to correct the illegal mandatory minimum sentence.  Therefore, we now similarly hold that a defendant may bring a Sinagoga challenge in a Rule 35(b) motion seeking to reduce a sentence.

Moreover, disallowing a Sinagoga challenge on a Rule 35 motion to reconsider would not seem consistent with HRPP Rule 2 (1977), which provides that the Hawai'i Rules of Penal Procedure "are intended to provide for the just determination of every penal proceeding.  They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay."  Disallowing a Sinagoga

19

challenge in a Rule 35 motion to reconsider sentence -- effectively requiring a criminal defendant to file a Rule 40 post-conviction petition alleging ineffective assistance of his original counsel in not bringing the erroneous convictions in the PSI to the attention of the original sentencing judge, assuming a defendant would even be aware of such a possibility -- would not further simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay.  In short, a defendant may bring a Sinagoga challenge in connection with a Rule 35 motion.

**B.**  **The circuit court erred in abandoning Kong's Sinagoga challenge due to its mistaken belief that Kong I precluded its re-evaluation of Kong's sentence.**

Having held that the circuit court had the power to entertain Kong's Sinagoga challenge in connection with his Rule 35 motion, we now examine the circuit court's handling of the matter.  On certiorari, Kong's remaining question presented is, "Did the Intermediate Court of Appeals gravely err when it held that the lower court may abdicate its power to independently review, reconsider, and reduce an original sentence thereby undermining the policies and purposes of HRPP Rule 35?"  He argues that the circuit court possessed the independent discretion to re-evaluate Kong's sentence and reduce it if it was unduly harsh.  Kong points out that the circuit court itself expressed that it did not understand why Judge Raffetto imposed

consecutive sentences; nevertheless, the circuit court still declined to reconsider Kong's sentence.  Kong also contends that the circuit court erroneously concluded that this court would have sua sponte evaluated Kong's sentence and remanded it if it was unjust.  Kong argues that the refusal to exercise discretion is itself an abuse of discretion, citing to cases from other jurisdictions in support of that proposition.

To the extent Kong's first argument implies that the circuit court had full discretion to reconsider Judge Raffetto's sentence without any additional facts, he is incorrect.  With respect to the effect of having a different judge reconsider a ruling by a prior judge in a criminal case, State v. Oughterson, 99 Hawaiʻi 244, 253, 54 P.3d 415, 424 (2002), states, "Unless cogent reasons support the second court's action, any modification of a prior ruling of another court of equal and concurrent jurisdiction will be deemed an abuse of discretion. . . ."  This criminal rule is not, however, an absolute rule.  A "change in the factual underpinning [in] a particular ruling may rise to the level of a 'cogent reason' that would justify a court in overturning the ruling of another court of equal and concurrent jurisdiction."  99 Hawaiʻi at 254, 54 P.3d at 425.

Thus, contrary to Kong's assertion, the circuit court could not change the prior judge's sentence without cogent reasons. It appears, however, that the erroneous inclusion of two felony

21

convictions in the PSI would constitute a "cogent reason" for the circuit court to reconsider Kong's sentence.  We need not decide this issue at this time, however, because the circuit court also based its refusal to reconsider on an erroneous interpretation of the effect of this court's ruling in <u>Kong I</u>. On remand, the circuit court should first address whether cogent reasons exist to reconsider Judge Raffetto's sentence.

Kong's alternative argument, that the circuit court erroneously considered this court's <u>Kong I</u> opinion to preclude his independent re-evaluation of Kong's sentence, however, has merit.  At an initial hearing on Kong's motion to reconsider or reduce sentence, the circuit court stated, "I'm not suggesting to you [defense counsel] that I'm going to do anything different [regarding sentencing] than what's already been done.  <u>Because it's already gone up on appeal</u>."  (Emphasis added.)  At a later hearing, the circuit court elaborated its reasoning as follows:

> This has already been -- this sentence was appealed, and
> the Supreme Court reviewed it, and if the Supreme Court
> felt -- I understand the grounds when they look at these
> things.  But the appellate court -- the appellate court has
> really scrutinized a lot of these cases, especially with
> the composition of our present court.  Even if it wasn't
> raised, if they feel this was inherently unjust or unfair,
> they would have sent it back, and they didn't.

These statements indicate the circuit court thought it was unable to reconsider the prior judge's sentence not because of "comity" reasons, but because it thought this court had already passed judgment on the justness and fairness of Kong's sentence.

22

The circuit court's interpretation of the effect of this court's opinion in Kong I was incorrect.

In this regard, the circuit court seemed to reference the Kong I majority's holding that the circuit court did not plainly err in relying on the inaccurate PSI in imposing consecutive sentences.  131 Hawai'i at 107, 315 P.3d at 733.  To the circuit court, had this court held that Kong's sentence amounted to plain error and remanded the case for re-sentencing, then it would be appropriate to revisit Kong's sentence.  This reasoning is erroneous, as it conflates the result of a direct appeal with what may be possible in a motion for post-conviction relief.  Even though a plain error review on direct appeal may result in affirmance of a sentence because the high plain error standard of "affecting substantial rights" was not met, Kong's sentence can be reconsidered by a different sentencing judge under HRPP Rule 35 at the judge's discretion (a lower standard), as long as cogent reasons exist.  Therefore, in this case, the circuit court was not precluded, by this court's affirmance of Kong's sentence in Kong I, from re-evaluating Kong's sentence on a Rule 35 motion.

In connection with his Rule 35 motion, Kong presented the circuit court with evidence that two vacated and dismissed prior convictions were erroneously included in his PSI, and that his consecutive sentence should be re-evaluated in light of this

mistake.  In other words, Kong brought a <u>Sinagoga</u> challenge to his PSI as part of his Rule 35 motion.  In response to his challenge, however, Kong notes, "Nothing happened here."  Neither the State nor the circuit court addressed whether the prior convictions were indeed invalid.  As Kong argues, the State and the circuit court simply abandoned compliance with the <u>Sinagoga</u> framework.

Kong's argument is persuasive.  Again, the five steps in the <u>Sinagoga</u> framework are

> Step one, the court shall furnish to the defendant or defendant's counsel and to the prosecuting attorney a copy of the presentence report, HRS § 706-604, and any other report of defendant's prior criminal conviction(s).  Step two, if the defendant contends that one or more of the reported prior criminal convictions was (1) uncounseled, . . . and/or ([2]) not against the defendant, the defendant shall, prior to the sentencing, respond with a good faith challenge on the record stating, as to each challenged conviction, the basis or bases for the challenge.  Step three, prior to imposing the sentence, the court shall inform the defendant that (a) each reported criminal conviction that is not validly challenged by the defendant is defendant's prior, counseled, validly entered, criminal conviction, and (b) a challenge to any reported prior criminal conviction not made by defendant before sentence is imposed may not thereafter, absent good cause, be raised to attack the court's sentence.  Step four, with respect to each reported prior criminal conviction that the defendant challenges, the [Hawaiʻi Rules of Evidence] shall apply, and the court shall expressly decide before the sentencing whether the State satisfied its burden of proving to the reasonable satisfaction of the court that the opposite of the defendant's challenge is true.  Step five, if the court is aware of the defendant's prior uncounseled or otherwise invalid criminal conviction(s), it shall not impose or enhance a prison sentence prior to expressly stating on the record that it did not consider it or them as a basis for the imposition or enhancement of a prison sentence.

<u>Sinagoga</u>, 81 Hawaiʻi at 447, 918 P.2d at 254 (as modified by <u>Veikoso</u>, 102 Hawaiʻi 219, 74 P.3d 575).

In this case, through a "Written Notice of Objection to the Pre-Sentence Report and Other Materials Contained in the Court File," made in connection with his Rule 35 motion to reconsider or reduce sentence, Kong complied with the second step in the Sinagoga framework by challenging the inclusion of the two vacated and dismissed convictions in the PSI.  The State did not respond.  There is nothing in the record to reflect that the circuit court took any action on the written notice.[8]  Further, the circuit court did not expressly state on the record that it did not consider the two convictions in denying Kong's motion to reconsider or reduce sentence.[9]

Having decided that Sinagoga applies in Rule 35 motion proceedings, and that the circuit court was not precluded by Kong I from re-evaluating Kong's sentence, we hold that it was error for the circuit court to abandon Kong's Sinagoga challenge to the erroneous inclusion of two vacated and dismissed prior convictions in his PSI.

---

[8]    See supra, n.5.

[9]    It is true that the circuit court told Kong, "I don't disagree with you there," in response to Kong's statement that his sentence should be based only on valid, not invalid, convictions.  This statement, however, falls short of "expressly stating on the record that [the circuit court] did not consider [invalid convictions] as a basis for the imposition or enhancement of a prison sentence," or, in this case, the denial of a motion to reduce sentence, as Sinagoga would require.  See Sinagoga, 81 Hawai'i at 447, 918 P.2d at 254.

## V.   Conclusion

For the foregoing reasons, the ICA's December 27, 2016 Judgment on Appeal, and its November 29, 2016 Memorandum Opinion, are vacated, and this case is remanded to the circuit court for further proceedings consistent with this opinion.

Benjamin E. Lowenthal
for petitioner

Peter A. Hanano
for respondent

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Gary W.B. Chang

