**Electronically Filed
Supreme Court
SCWC-19-0000644
22-OCT-2021
11:41 AM
Dkt. 15 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs.

MICHAEL A. CATTANEO,
Petitioner/Defendant-Appellant.

SCWC-19-0000644

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-19-0000644; CASE NO. 2PC151000023; CASE NO. 2PC151000122)

OCTOBER 22, 2021

RECKTENWALD, C.J., NAKAYAMA, McKENNA, WILSON, AND EDDINS, JJ.

OPINION OF THE COURT BY EDDINS, J.

Michael Cattaneo pled no contest to negligent homicide in the first degree and two drug-related charges. The Circuit Court of the Second Circuit accepted his pleas and sentenced him.[1] It imposed two concurrent five-year terms of imprisonment

---

[1] Cattaneo pled no contest to one count of negligent homicide in the first degree in 2PC151000023 and to one count of promoting a dangerous drug

(for the drug crimes), to run consecutively with a ten-year term for the negligent homicide charge.  Cattaneo moved under Hawai'i Rules of Penal Procedure (HRPP) Rule 35(b) to reduce this sentence.  He wanted his five-year sentences to run concurrently, rather than consecutively, with his ten-year term.

Cattaneo supported his Rule 35(b) motion by arguing that his consecutive sentence was harsher than those of two second circuit defendants recently convicted of, and sentenced for, negligent homicide in the first degree.  Hawai'i Revised Statutes (HRS) § 706-606 (2014) identifies the factors courts must consider "in imposing a sentence."  Cattaneo argued that one factor courts must consider "in imposing a sentence" was HRS § 706-606(4), "[t]he need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  As such, he reasoned that the trial court, in deciding his Rule 35(b) motion, should have considered the sentences imposed in "comparable cases."

The court denied Cattaneo's motion to reduce his sentence. And it declined to discuss the "comparable cases" Cattaneo had identified, explaining: "[I]t's not the Court's practice to review cases that are issued by other Courts, whether in this

---

in the third degree and one count of prohibited acts related to drug paraphernalia in 2PC151000122.  The Honorable Richard T. Bissen, Jr. presided.

2

circuit or others.  Because I happen to know that every case is nuanced, every case has something that may not be obvious to someone."

Cattaneo appealed.  He claimed the trial court had abused its discretion by denying his HRPP Rule 35(b) motion without comparing his sentence to those imposed in the two "comparable cases."  Underlying Cattaneo's argument is the postulation that courts deciding HRPP Rule 35(b) motions *must* consider each HRS § 706-606 sentencing factor.

The Intermediate Court of Appeals (ICA) affirmed the circuit court's denial of Cattaneo's Rule 35(b) motion.  It said that courts had to consider the HRS § 706-606 sentencing factors in adjudicating Rule 35(b) motions.  And it concluded that the trial court had adequately done so in deciding Cattaneo's.

Cattaneo asks us to determine whether the ICA erred in "ruling that the Circuit Court substantively considered sentencing factor HRS § 706-606(4) despite clear evidence to the contrary."[2]

---

[2]    Cattaneo's application for writ of certiorari also presents two other questions.  The first is whether the ICA erred in "ruling that the circuit court adequately articulated its reasons for consecutive term sentencing pursuant to HRS § 706-668.5(2)."  We do not find error in the ICA's ruling that the circuit court was not required to articulate "its reasons for consecutive term sentencing" when denying Cattaneo's Rule 35(b) motion. Cattaneo's application for writ of certiorari also asks us to consider whether the ICA erred in failing to recognize "plain error" in the trial court's sentencing decision.  We conclude that the ICA did not gravely err in failing to recognize "plain error" in the trial court's sentencing decision. Cattaneo's "plain error" argument rehashes his contention that the trial

The question Cattaneo presents is beside the point. The ICA did not err in affirming the trial court. But its reasoning was off. The HRS § 706-606 sentencing factors govern *sentencing*. They do not govern motions for reduction of a sentence under HRPP Rule 35(b). Thus, the trial court had no obligation to consider "[t]he need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" – or any other HRS § 706-606 sentencing factor – in deciding Cattaneo's Rule 35(b) motion.

**I.**

The ICA rejected Cattaneo's contention that the trial court disregarded HRS § 706-606(4) in ruling on Cattaneo's Rule 35(b) motion.[3] But it agreed with Cattaneo's premise that courts deciding motions under HRPP Rule 35(b) must consider the HRS § 706-606 sentencing factors. Citing State v. Sauceda, No. 30622, 2011 WL 1909112 (App. May 18, 2011) (SDO), the ICA stated:

> This court has also concluded that a circuit court must consider the factors set forth in HRS § 706-606 in ruling

---

court should have considered the need to avoid unwarranted sentencing disparities in deciding Cattaneo's Rule 35(b) motion.

[3]   The ICA concluded that while the circuit court may have foregrounded the penological goals of retribution and deterrence in adjudicating Cattaneo's Rule 35(b) motion, it had adequately *considered* HRS § 706-606(4). The court's consideration of HRS § 706-606(4) was sufficient, the ICA explained, because contrary to Cattaneo's contentions, the circuit court didn't have to justify its denial of Cattaneo's Rule 35(b) motion with a discussion of "comparable cases." The trial court's reference to, and rejection of, Cattaneo's disparate sentencing argument showed it had adequately considered HRS § 706-606(4) in deciding Cattaneo's motion.

4

> on an HRPP Rule 35(b) motion to reduce sentence. See,
> e.g., State v. Sauceda, No. 30622, 2011 WL 1909112, \*1
> (Haw. App. May 18, 2011) (SDO) (citing Kahapea, 111 Hawai'i
> at 278, 280-82, 141 P.3d at 451, 453-55) . . . .

A solitary pincite to our decision in State v. Kahapea, 111 Hawai'i 267, 141 P.3d 440 (2006), is Sauceda's only support for its conclusion that the HRS § 706-606 sentencing factors control the disposition of Rule 35(b) motions.

## II.

Kahapea does not support the conclusion that courts deciding Rule 35(b) motions must consider the HRS § 706-606 factors.

Kahapea and several co-defendants were convicted of crimes linked to a bid-rigging scheme that bilked Honolulu taxpayers out of millions of dollars. Kahapea's sentence – five consecutive ten-year terms of imprisonment - was much harsher than those of his co-defendants and the defendants in two other cases involving the theft of public funds.

Kahapea moved to reduce and correct his sentence. He said his sentence was "extremely harsh" compared to those of his co-defendants and other allegedly-similar defendants; he wanted one or more of his prison terms to run concurrently, rather than consecutively. Kahapea, 111 Hawai'i at 275, 141 P.3d at 448. The circuit court denied Kahapea's motion. It explained that Kahapea's comparatively harsh sentence was justified because, among other reasons, Kahapea had "mastermind[ed]" a theft of

public funds, used the booty to bankroll his lavish lifestyle, and abused a position of trust. Id. at 276-77, 141 P.3d at 449-450.

This court evaluated Kahapea's argument by re-reviewing the original sentence. We concluded that the circuit court did not abuse its discretion by giving Kahapea a comparatively harsh sentence. We affirmed the denial of Kahapea's Rule 35 motion,[4] explaining that "while stern, the circuit court's sentence furthers the statutory penological goals of retribution, incapacitation, and deterrence and does not reflect arbitrary or capricious action or a rigid refusal to consider the defendant's contentions." Id. at 282, 141 P.3d at 455 (cleaned up).

Implicit in Kahapea's holding is the determination that because the court did not abuse its discretion in imposing Kahapea's sentence, it also did not abuse its discretion by denying Kahapea's motion.

This conclusion does not require that courts presented with Rule 35(b) motions must reconsider the HRS § 706-606 sentencing factors. Kahapea summarized the trial court's consideration of HRS § 706-606(4) *at sentencing*. But it did not hold that trial

---

[4] Our opinion suggests that Kahapea moved for both a correction of an illegal sentence under Rule 35(a) and a reduction of sentence under Rule 35(b). The opinion does not make clear which portions of its analysis concern Rule 35(a) versus Rule 35(b).

courts must reprise their consideration of HRS § 706–606(4) every time a defendant moves the court to reduce a sentence.

There is also no statutory support for that proposition. Nothing in HRPP Rule 35(b) or HRS § 706–606 indicates courts considering Rule 35(b) motions must weigh the HRS § 706–606 sentencing factors.

Rule 35(b) provides courts discretion to reduce, or not reduce, a sentence within specified timeframes:

> **(b) Reduction of Sentence.** The court may reduce a sentence within 90 days after the sentence is imposed, or within 90 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 90 days after entry of any order or judgment of the Supreme Court of the United States denying review of, or having the effect of upholding the judgment of conviction. A motion to reduce a sentence that is made within the time prior shall empower the court to act on such motion even though the time period has expired. The filing of a notice of appeal shall not deprive the court of jurisdiction to entertain a timely motion to reduce a sentence.

HRPP Rule 35(b) (emphasis added). This rule imposes some limits on *when* a court may reduce a sentence. But nothing in it suggests a relationship between the HRS § 706–606 sentencing factors and Rule 35(b) motions.

Likewise, by its terms, HRS § 706–606[5] concerns imposing

---

[5]  HRS § 706–606 is entitled "Factors to be considered in imposing a sentence" (emphasis added). It provides:

> The court, in determining the particular sentence to be imposed, shall consider:
>
> > (1)  The nature and circumstances of the offense and the history and characteristics of the defendant;
> > (2)  The need for the sentence imposed:

sentences, not reducing them. It begins: "The court, in determining the particular sentence to be imposed, shall consider . . . ." And then lists the specific factors to be considered.

Thus, neither Kahapea, nor HRPP Rule 35(b), nor HRS § 706-606 demands that courts considering motions for sentence reduction look to the HRS § 706-606 sentencing factors.[6]

For sure, courts *must* consider the HRS § 706-606 factors when imposing a sentence. See HRS § 706-606. Defendants who believe a trial court has abused its discretion by ignoring HRS § 706-606's sentencing factors may appeal their sentences and make that case or bring motions under HRPP Rule 35(a). See HRPP Rule 35(a) (stating in part that, within specified timeframes, the court "may correct a sentence imposed in an illegal

---

(a) To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;
(b) To afford adequate deterrence to criminal conduct;
(c) To protect the public from further crimes of the defendant; and
(d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) The kinds of sentences available; and
(4) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

HRS § 706-606 (emphasis added).

[6] Similarly, nothing in our caselaw, HRPP Rule 35(b), or HRS § 706-621 (2014) suggests that courts adjudicating Rule 35(b) motions must consider the HRS § 706-621 factors ("Factors to be considered in imposing a term of probation").

8

manner").

But a motion under HRPP Rule 35(b) is neither a sentencing nor a resentencing. It asks the court to change its mind; it is "essentially a plea for leniency." Cf. State v. Brigham, 666 A.2d 405, 406 (R.I. 1995) (describing a motion to reduce a sentence under Rhode Island's equivalent of HRPP Rule 35 as "essentially a plea for leniency"). HRPP Rule 35(b) motions give courts occasions to ponder clemency without obliging a re-review of the statutory factors. See State v. Kong, 140 Hawai'i 103, 110, 398 P.3d 692, 699 (2017) (quoting United States v. Maynard, 485 F.2d 247, 248 (9th Cir. 1973), for the proposition that "[i]f a lawful sentence was lawfully imposed in the first instance, then the function of Rule 35 is simply to allow the [sentencing] court to decide if, on further reflection, the original sentence now seems unduly harsh").[7]

The distinction between sentencing and a hearing on a Rule 35(b) motion is also shown by their procedural differences. Defendants don't need to be present at hearings on motions to reduce a sentence. See HRPP 43(c)(3). And, unlike at

---

[7]    Accord State v. Hernandez, 849 P.2d 967, 968 (Idaho Ct. App. 1993) (discussing motions under Idaho Criminal Rules, Rule 35 and noting that "[t]he court is under no obligation to amend or modify a sentence that has been legally imposed"); State v. Tinsley, 928 P.2d 1220, 1223 (Alaska Ct. App. 1996) (stating that timely motion for reduction of sentence under then-existing Alaska Rules of Criminal Procedure, Rule 35(a) could be granted based on judge's desire to "show mercy"); State v. Remedio, 108 A.3d 326, 331 (Del. Super. Ct. 2014) ("The reason for [Delaware's Superior Court Criminal Rules, Rule 35(b)] is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate.").

sentencing, they have no constitutional right to allocute at those hearings.

Treating HRPP Rule 35(b) motions as pleas for leniency that do not require reconsidering the HRS § 706-606 sentencing factors also makes sense from a practical standpoint. Consider the defendant who argues their sentence should be reduced because, since sentencing, they have transformed from a violent person into a peaceful person (implicating HRS § 706-606(1), which concerns "the history and characteristics of the defendant"). Under the Sauceda approach, the court would have to revisit every HRS § 706-606 sentencing factor to determine whether the lawfully-imposed sentence is still appropriate given the defendant's new peaceable disposition. This obligation – which, to repeat, has no basis in either HRPP Rule 35(b) or HRS § 706-606 – would create an unwarranted imposition on courts' broad discretion in sentencing matters.

Cattaneo's argument fails not because the court adequately considered HRS § 706-606(4), but rather because the court was not required to consider any HRS § 706-606 sentencing factor in deciding his Rule 35(b) motion.

### III.

We hold that courts deciding HRPP Rule 35(b) motions are not required to consider the HRS § 706-606 sentencing factors. Although relying on different grounds than the ICA, we affirm the circuit court's denial of Cattaneo's HRPP Rule 35(b) motion.

Pamela I. Lundquist,
for petitioner

Renee Ishikawa Delizo,
for respondent

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins

