**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000375**
**30-SEP-2022**
**07:50 AM**
**Dkt. 104 SO**

NO. CAAP-21-0000375
(Consolidated with NO. CAAP-21-0000376)


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CAAP-21-0000375
STATE OF HAWAI'I, Plaintiff-Appellee, v.
DESMOND LEWI, Defendant-Appellant
(CR. NO. 3PC081000483)


and


CAAP-21-0000376
DESMOND J. LEWI, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee
(CASE NO. 3PR151000003)


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT


**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

This is a consolidated appeal. Defendant/Petitioner-Appellant Desmond J. **Lewi**[1] appeals from (1) the **"Order of Resentencing"** entered by the Circuit Court of the Third Circuit on May 26, 2021, in case 3PC081000483 (the **Criminal Prosecution**); and (2) the **"Order of Dismissal** of Petitioner's Amended HRPP Rule 40 Petition Filed January 22, 2020[,] and Petitioner's Supplemental Ground to Amended Petition Filed April 13, 2020, and Denial of Release from Custody" entered by the circuit court on

---

[1]     The record indicates that Lewi's name is pronounced "LEV-ee."

May 27, 2021, in case 3PR151000003 (the **Post-Conviction Proceeding**).[2]  For the reasons explained below, we vacate both orders and remand both cases for further proceedings.

On May 24, 2010, in the Criminal Prosecution, Lewi was convicted of Manslaughter (Count 1), Carrying or Possessing a Loaded Firearm on a Public Highway (Count 3), and Ownership or Possession [of firearms or ammunition] Prohibited (Count 5).  He was sentenced to serve 20 years on Count 1, 10 years on Count 3, and 5 years on Count 5.  The sentences on Counts 1 and 3 were to be served concurrently, and consecutively to the sentence on Count 5, for a total of 25 years.  The Hawaiʻi Paroling Authority (**HPA**) determined that Lewi was a Level III offender and fixed his minimum term of imprisonment at 25 years.

On August 14, 2015, Lewi filed a petition pursuant to Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40.  He argued (among other things) that "HPA acted arbitrarily and capriciously in setting his level of punishment at Level III and in setting his minimum terms at the same length as his maximum sentences[.]" Lewi v. State, 145 Hawaiʻi 333, 339-40, 452 P.3d 330, 336-37 (2019).  The circuit court dismissed Lewi's petition.  Lewi appealed.  We affirmed.  Lewi v. State, No. CAAP-16-0000090, 2017 WL 2365286 (Haw. App. May 31, 2017) (SDO).  Lewi petitioned for certiorari.  The supreme court accepted the petition.  Lewi v. State, SCWC-16-0000090; 2017 WL 4997725, at *1 (Haw. Nov. 2, 2017).

The supreme court held that Lewi raised a colorable claim that HPA acted arbitrarily and capriciously in maintaining his level of punishment for the manslaughter count at Level III, and announced a new rule: "HPA is required to set forth a written justification or explanation (beyond simply an enumeration of any or all of the broad criteria [from the HPA "Guidelines for Establishing Minimum Terms of Imprisonment"] considered) when it determines that the minimum term of imprisonment for the felony

---

[2]      The Honorable Peter K. Kubota entered both orders.

offender is to be set at a Level II or Level III punishment." Lewi, 145 Hawaiʻi at 348-49, 452 P.3d at 345-46.

However, the supreme court noted that HPA had held another minimum term hearing in 2016 (while Lewi's Rule 40 petition was pending) and had set new minimum terms. Id. at 342, 452 P.3d at 339. Lewi remained classified as a Level III offender. Rather than requiring that Lewi file another Rule 40 petition, the supreme court remanded the case to the circuit court "for a hearing on whether the HPA acted arbitrarily and capriciously in continuing to classify Lewi as a Level III offender on his manslaughter conviction." Id. at 350, 452 P.3d at 347.

Consistent with Chief Judge Nakamura's concurring and dissenting opinion, Lewi, 2017 WL 2365286, at *3, the supreme court stated that the partial transcript of Lewi's sentencing hearing included in the record on appeal "raises a question as to whether the circuit court adequately distinguished between the need for a 25-year consecutive sentence versus the 20-year sentence Lewi would have received under the presumption of concurrent sentencing." Lewi, 145 Hawaiʻi at 351, 452 P.3d at 348. The supreme court instructed that on remand, Lewi could "amend his Rule 40 petition to include the claim that the circuit court did not adequately explain its decision to impose a consecutive sentence" as required under State v. Hussein, 122 Hawaiʻi 495, 509-10, 229 P.3d 313, 327-28 (2010). Id.

On remand, Lewi amended his Rule 40 petition as permitted. The circuit court held three hearings. On December 9, 2020, HPA's counsel informed the court that HPA "has agreed to set aside the 2016 minimums and have a new hearing . . . in February of [2021]." Lewi's counsel acknowledged the new HPA hearing. The circuit court then stated, "Okay. And then so that should take care of that first issue."

On the consecutive sentencing issue, Lewi's counsel was to order the full transcript of the original sentencing hearing. The circuit court set a further hearing date of February 23, 2021.

On February 23, 2021, HPA's counsel informed the circuit court that "because of COVID outbreaks at [Hālawa] and OCCC [HPA] pushed back Mr. Lewi's minimum hearing. It's at this time unscheduled. Sometime in the future." Lewi's counsel stated: "I applaud the Department of Public Safety for on its own giving Mr. Lewi a new minimum hearing." The circuit court stated:

> [A]t this point my understanding is [Lewi] will have another [minimum] term hearing soon, as soon as the COVID issues get cleared up. And at this point it is premature for the Court to look at this, and outside the Court's jurisdiction.
>
> Regarding the question whether or not the sentencing Judge provided significant justification on the record for imposing the consecutive sentences . . . there was no specific findings that I could find to indicate the rationale in finding a 25[-]year consecutive sentence term versus a twenty[-]year concurrent term, which is what is the presumption. In other words, there was no distinction why 25 versus 20.
>
> And for that reason what I'm going to do, **I'm going to grant in part the [petition] and set this matter for resentencing** before the trial judge. And as -- I don't know if all of you know, but [the trial judge in the Criminal Prosecution] has retired so I'll set this before Judge Kubota.[3]

(Emphasis added.) The record does not reflect entry of a written order granting in part Lewi's amended Rule 40 petition.

The resentencing hearing took place on April 20, 2021.[4] On May 26, 2021, the circuit court entered the Order of Resentencing. Lewi was again sentenced to serve 20 years on Count 1, 10 years on Count 3, and 5 years on Count 5; the

---

[3] The Honorable Henry T. Nakamoto presided on December 9, 2020, and on February 23, 2021.

[4] The Honorable Peter K. Kubota presided over the resentencing hearing.

4

sentences on Counts 1 and 3 were to be served concurrently, and consecutively to the sentence on Count 5.

The Order of Dismissal of the Post-Conviction Proceeding was entered by the circuit court on May 27, 2021. Although the circuit court noted that Lewi had been resentenced (pursuant to the court's oral order), the Order of Dismissal did not grant in part Lewi's request that he be resentenced. The Order of Dismissal deemed the amended Rule 40 petition to be moot. These appeals followed.

Lewi raises two points on appeal: **(1)** he was denied his constitutional right to allocution during his resentencing hearing; and **(2)** the circuit court erred by concluding that the challenge to his minimum term was moot, and should have ruled that he was a Level I or II offender.

**(1)** The resentencing hearing took place, and the Order of Resentencing was entered in the Criminal Prosecution, after the circuit court orally granted a portion of Lewi's amended Rule 40 petition but before entry of an appropriate written order in the Post-Conviction Proceeding. HRPP Rule 40 provides, in relevant part:

> **(g) Disposition.**
>
> (1)   IN FAVOR OF THE PETITIONER.  If the court finds in favor of the petitioner, it shall enter an appropriate order with respect to the judgment or sentence in the former proceeding . . . and such supplementary orders as to . . . other matters as may be necessary or proper.

Conducting the resentencing hearing and entering the Order of Resentencing was premature because the circuit court never entered an HRPP Rule 40(g)(1) order despite finding that the sentencing court did not adequately explain its decision to impose a consecutive sentence as required under Hussein.

Moreover, the record indicates that Lewi was denied his constitutional right to allocution during his resentencing hearing. "Allocution is the defendant's right to speak before sentence is imposed. The right of presentence allocution is an important constitutional right guaranteed under the due process

5

clause, article I, section 5, of the Constitution of the State of Hawaiʻi." State v. Carlton, 146 Hawaiʻi 16, 24, 455 P.3d 356, 364 (2019) (cleaned up). Questions of constitutional law are reviewed under the right/wrong standard. Id. at 22, 455 P.3d at 362.

Lewi argues that the circuit court "never informed or asked Lewi about his right to allocution during the entire resentencing hearing. Lewi was never provided the opportunity to argue for a mitigation of his sentence, or to support or dispute any of the factual bases for the sentencing arguments by counsel." The transcript of the April 20, 2021 resentencing hearing bears this out. The remedy is a remand for resentencing before a different judge. Carlton, 146 Hawaiʻi at 28, 455 P.3d at 368.

The State does not deny that Lewi was not afforded allocution. The State argues that the resentencing hearing was conducted under HRPP Rule 35 and that "a defendant in a motion to reduce sentence proceeding brought pursuant to Rule 35, HRPP, has no constitutional right of allocution[,]" citing State v. Cattaneo, 150 Hawaiʻi 86, 497 P.3d 101 (2021). The State's argument is without merit. Cattaneo concerned a motion for reduction of sentence under HRPP Rule 35(b). The supreme court held that "a motion under HRPP Rule 35(b) is neither a sentencing nor a resentencing. It asks the court to change its mind; it is essentially a plea for leniency." Id. at 90, 497 P.3d at 105 (cleaned up). It was in that context that the supreme court stated:

> The distinction between sentencing and a hearing on a Rule 35(b) motion is also shown by their procedural differences. Defendants don't need to be present at hearings on motions to reduce a sentence. See HRPP 43(c)(3).[5] ***And, unlike at sentencing, they have no constitutional right to allocute at those hearings***.

---

[5]    HRPP Rule 43(c) provides, in relevant part:

**Presence not required.** A defendant need no be present either physically or by video conference if: . . . (3) the proceeding is a reduction of sentence under Rule 35.

Id. (emphasis added).

By contrast, in this case the supreme court instructed the circuit court to determine whether the sentencing court explained its decision to impose a consecutive sentence as required by Hussein. Lewi, 145 Hawaiʻi at 350-51, 452 P.3d at 347-48. On remand, after reviewing the transcript of the sentencing hearing, the circuit court held that the sentencing court had not explained its decision to impose a consecutive sentence. Thus, Lewi's resentencing was conducted pursuant to HRPP Rule 40, as provided for by HRPP Rule 35(a) ("A motion made by a defendant to **correct an illegal sentence** more than 90 days after the sentence is imposed shall be made pursuant to Rule 40 of these rules.") (emphasis added). Nowhere in Cattaneo did the supreme court hold that a defendant need not be present at an HRPP Rule 35(a) motion to correct an illegal sentence, or that a defendant does not have a right of allocution during a resentencing hearing conducted under HRPP Rule 35(a) or Rule 40(a)(1)(iii).

We conclude that Lewi was deprived of his constitutional right of allocution during his resentencing hearing, which was conducted to correct an illegal sentence.[6]

**(2)** The circuit court held that the minimum term setting issue was "outside the Court's jurisdiction" because HPA was going to conduct another minimum term hearing; the circuit court concluded that the minimum term setting issue was moot. "Mootness is an issue of subject matter jurisdiction, and therefore, is a question of law reviewed de novo." For Our Rts. v. Ige, 151 Hawaiʻi 1, 5, 507 P.3d 531, 535 (App. 2022) (citation omitted, cert. rejected, SCWC-21-0000024, 2022 WL 2196755 (Haw. June 20, 2022).

> A case is moot if it has lost its character as a present, live controversy of the kind that must exist if courts are to avoid advisory opinions on abstract propositions of law. The rule is one of the prudential rules of judicial

---

[6]     Allocution is also provided for by Hawaii Revised Statutes § 706-604(1) (2014) and HRPP Rule 32(a).

> self-governance founded in concern about the proper — and properly limited — role of the courts in a democratic society. We have said the suit must remain alive throughout the course of litigation to the moment of final appellate disposition to escape the mootness bar.

Id. at 12, 507 P.3d at 542 (citation omitted).

The record in this case does not indicate that HPA issued a minimum term order superseding the 2016 minimum term order. Unless and until HPA conducts another minimum term hearing and issues another minimum term order, the 2016 minimum term order remains in effect. Thus, when the circuit court held the February 23, 2021 hearing in the Post-Conviction Proceeding, the minimum term setting issue was not moot.[7] The circuit court erred by failing to address "whether the HPA acted arbitrarily and capriciously in continuing to classify Lewi as a Level III offender on his manslaughter conviction" in the 2016 minimum term order.[8] Lewi, 145 Hawaiʻi at 350, 452 P.3d at 347.

Lewi also argues that the circuit court, rather than HPA, should have set his level of punishment at I or II. He offers no authority in support of his argument; it is contrary to Hawaii Revised Statutes (**HRS**) § 353-62 (2015), which gives HPA exclusive original jurisdiction over parole.

For the foregoing reasons:

**(1)** the Order of Resentencing entered by the circuit court on May 26, 2021, is vacated, and the Criminal Prosecution is remanded for resentencing before a different judge <u>after</u> the circuit court has entered an order in the Post-Conviction

---

[7] We need not consider Lewi's arguments concerning exceptions to the mootness doctrine.

[8] It appears that HPA conceded the issue by undertaking to set another minimum term hearing; under those circumstances, the circuit court should have complied with the mandate by entering an order requiring that HPA conduct a new minimum term hearing. See Chun v. Bd. of Trs. of the Emps. Ret. Sys. of Haw., 106 Hawaiʻi 416, 439, 106 P.3d 339, 362 (2005) ("[I]t is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning, as determined by the directions given by the reviewing court, and . . . when acting under an appellate court's mandate, an inferior court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or intermeddle with it, further than to settle so much as has been remanded.") (cleaned up).

Proceeding granting that part of Lewi's amended Rule 40 petition; and

(2)    the Order of Dismissal entered by the circuit court on May 27, 2021, is vacated and the Post-Conviction Proceeding is remanded; on remand the circuit court should (a) enter an order granting in part Lewi's amended Rule 40 petition so that a resentencing hearing can then be conducted in the Criminal Prosecution by a different judge, and (b) order that HPA conduct another minimum term hearing after Lewi is resentenced, as required by HRS § 706-669.[9]

DATED:  Honolulu, Hawaiʻi, September 30, 2022.

On the briefs:

Dwight C.H. Lum,
for Defendant/Petitioner-
Appellant.

Suzanna L. Tiapula,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee State
of Hawaiʻi.

Lisa M. Itomura,
Deputy Attorney General,
for Respondent-Appellee State
of Hawaiʻi.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

---

[9]    HRS § 706-669 (2014) provides, in relevant part:

> (1) When a person has been sentenced to an indeterminate or an extended term of imprisonment, the Hawaii paroling authority shall, as soon as practicable but no later than six months after commitment to the custody of the director of the department of [public safety] hold a hearing, and on the basis of the hearing make an order fixing the minimum term of imprisonment to be served before the prisoner shall become eligible for parole.