STATE OF HAWAII, Plaintiff-Appellee, *v.* IEFATA K. MEAFOU and FIATAU MIKA, Defendants-Appellants, and SOPO FAALAFUA, LIUAFI LIUAFI, JR., SITOE LIUAFI, LEPO UTU, FAIAGA ALOALII, JACKSON AMPEROSA, and SEFO SCANLAN, Defendants

NO. 8592

(CRIMINAL NO. 54738)

FEBRUARY 10, 1984

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

*Per Curiam.* This is an appeal by defendants-appellants Fiatau Mika and Iefata K. Meafou from convictions of murder and attempted murder. The convictions were as a result of a group killing of inmate Milton Nihipali and the attempted killing of another inmate, Clarence Freitas, which occurred at Oahu Community Correctional Center on June 6, 1980. The issues presented for our consideration are whether Judge Marie Milks was disqualified to preside over this case; and whether the trial court's denial of a motion for new trial based on newly discovered evidence made more than ten days after entry of the guilty verdicts was proper. We affirm as to both points. We further affirm the trial court's ruling as to all other issues raised by defendants.

## I.

Trial of the defendants Mika and Meafou initially began with four other defendants in a consolidated trial before Judge Milks. During the course of the initial proceedings, Judge Milks imposed several restrictions on voir dire examination resulting in innumerable objections by defense counsel and culminating in Meafou's oral motion that Judge Milks disqualify herself. This motion was orally granted at the close of the day's proceedings. The following day, Judge Milks explained her disqualification and severed the action.[1] All four defendants except Meafou and Mika were transferred to another court for trial.

## II.

Defendants contend that once Judge Milks granted the oral motion for disqualification, she could no longer preside over their cases, even in the absence of an affidavit of disqualification.[2] We disagree.

A party who believes that the assigned judge is biased must move to disqualify the judge in conformance with statutory requirements,

---

[1] At the opening of the November 5, 1981 proceedings, Judge Milks gave a lengthy explanation of her reasons for the "disqualification" and severance, a pertinent part of which was stated as follows:

What is happening is Mr. Ikei and Mr. Partington and their clients will be proceeding to trial next week. The other four of you will have your cases returned to Judge Huddy and your cases will be set later. The reason for this is in the interest of fairness. It is unfair to Mr. Bogetto, Mr. Garcia, Mr. Findlay and Mr. Fillin [sic] to have their trial proceed first. The reason why this action was taken was because of the conduct of Mr. ikei [sic] and Mr. Partington. So in fairness to those four defendants, their trial will be held before another court at another time.

[2] The transcript indicates that Judge Milks' statement to the defendants was, in pertinent part: "Now, if any motion need be raised by either Mr. Partington or Mr. Ikei concerning my ability to be fair in your trial, I would like to reassure you that when the trial is severed in this way, there are certain things that I can abide by in terms of my conscience." Judge Milks went on to state that as defendants would no longer need to be shackled for security and because a longer voir dire would be possible, that the severance did away with any initial prejudice to defendant.

*Minatoya v. Mousel*, 2 Haw. App. 1, 625 P.2d 378 (1981). HRS § 601-7 provides as follows:

§ 601-7  Disqualification of judge; relationship, pecuniary interest, previous judgment, bias or prejudice. (a) No person shall sit as a judge in any case in which his relative by affinity or consanguinuity within the third degree is counsel, or interested either as a plaintiff or defendant, or in the issue of which the judge has, either directly or through such relative, any pecuniary interest; nor shall any person sit as a judge in any case in which he has been of counsel or on an appeal from any decision or judgment rendered by him.

(b)  Whenever a party to any suit, action, or proceeding, civil or criminal, makes and files an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against him or in favor of any opposite party to the suit, the judge shall be disqualified from proceeding therein. Every such affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall be filed before the trial or hearing of the action or proceeding, or good cause shall be shown for the failure to file it within such time. No party shall be entitled in any case to file more than one affidavit; and no affidavit shall be filed unless accompanied by a certificate of counsel of record that the affidavit is made in good faith. Any judge may disqualify himself by filing with the clerk of the court of which he is a judge a certificate that he deems himself unable for any reason to preside with absolute impartiality in the pending suit of action.

Canon 3(c) of the Code of Judicial Conduct provides:

C. Disqualification

(1)  A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

(a) .he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(b)  he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the

judge or such lawyer has been a material witness concerning it.

In the absence of an affidavit by defendant citing facts and reasons to support their position that Judge Milks was biased or prejudiced against them, and in the absence of anything in the record to support statutory basis for disqualification against Judge Milks, we hold that Judge Milks was qualified to preside over this case.

## III.

Defendants next contend that the trial court erred in holding that it lacked jurisdiction to hear their motion for a new trial based on newly discovered evidence. The trial court ruled that under Hawaii Rules of Penal Procedure (HRPP) 33[3] it had no jurisdiction over a motion for new trial where the motion was filed more than ten days after verdict. Defendants ask that we expand the time limitations of Rule 33 from ten days to two years in conformity with Federal Rules of Criminal Procedure 33. *Cf. U.S. v. Intersimone,* 512 F. Supp. 302 (D.C.N.Y. 1981), (motion based on newly discovered evidence must be made within two years after final judgment).

Under common law there is no right to new trial in criminal cases. *Strong v. State,* 36 Wis.2d 324, 152 N.W.2d 890 (1967); *Joseph v. State,* 236 Ind. 529, 141 N.E.2d 109 (1957), *cert. granted on other grounds,* 355 U.S. 812 (1957), *cert. dismissed,* 359 U.S. 117 (1959); *State v. McCord,* 8 Kan. (2nd ed.) 161 (1871); *See,* 58 Am. Jur.2d *New Trial* § 8 (1971); 24 C.J.S. *Criminal Law* § 1418 (1961). Courts in this country, however, have assumed and exercised with great uniformity the power of granting new trials in criminal cases. 58 Am. Jur. 2d *New Trial* § 8 at 194, *supra.* The time limitations in filing a

---

[3] Rule 33. *New Trial.*

The court on motion of a defendant may grant a new trial to him if required in the interest of justice. If trial was by the court without a jury, the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. A motion for a new trial shall be made within 10 days after verdict or finding of guilty or within such further time as the court may fix during the 10-day period. The finding of guilty may be entered in writing or orally on the record.

motion for new trial have been considered by courts to be jurisdictional and must be strictly complied with. *United States v. Robinson,* 361 U.S. 220 (1960); *State v. Hickle,* 129 Ariz. 330, 631 P.2d 112 (1981); *State v. Hawkman,* 198 Neb. 578, 254 N.W.2d 90 (1977); *State v. Penland,* 6 Or. App. 255, 486 P.2d 1314 (1971); *See,* 24 C.J.S. *Criminal Law* § 1465 (1961).

Rule 33 expressly limits the filing of motions for new trial to within ten days of the entry of verdict. Furthermore, HRPP 45[4] expressly prohibits the court from granting an extension of time on any Rule 33 motions. We hold that the ten day limitation period must be strictly complied with. Accordingly, the trial court correctly ruled that it was without jurisdiction to entertain defendants' Rule 33 motion.

## IV.

Under HRPP 40, which governs post-conviction proceedings, criminal defendants are entitled to bring a motion for post-conviction relief "[a]t any time, but not prior to final judgment." Rule 40 defines final judgment to be "when the appellate process has terminated." At oral argument defendants contended that while Rule 40 entitles them to post conviction relief, their present situation requires them to choose between abandoning their appeal or exhausting the appellate process before they are allowed to seek a new trial under that rule. Such a requirement, defendants asserted during oral arguments, violates due process under our Constitution.

Defendants position is meritless, and we find no due process violation as a new trial is not essential to their due process rights.

---

[4] Rule 45. *Time.*

(b) *Enlargement.* When an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done if the failure to act was the result of excusable neglect, but the court may not extend the time for taking any action under Rules 29, 33, 34, 35, 37(c) and 39(c), except to the extent and under the conditions stated in them.

*Pinkey v. State,* 8 Md. App. 283, 263 A.2d 871 (1970); *Joseph v. State, supra; State v. McCord, supra;* 16A Am. Jur. 2d *Constitutional Law* § 858 at 1080 (1979); 16A C.J.S. *Constitutional Law* § 592 at 678 (1956). A new trial is a privilege offered to them by law rather than a guarantee afforded to them by the constitution. *State v. McCord, supra* at 166.

Defendants remaining arguments are also without merit.

Affirmed.

*Earle A. Partington,* Attorney for defendant-appellant Ieafata K. Meafou.

*Harry Holifield (Clayton C. Ikei* on the briefs), Attorneys for defendant-appellant Fiatau Mika.

*Lila B. LeDuc (Arthur E. Ross* on the answering briefs), Deputy Prosecuting Attorneys, for plaintiff-appellee.