**STATE OF HAWAII**, Plaintiff–Appellant, v. **GLENN H. WIL-LIAMS**, Defendant–Appellee

NO. 13436

(CR. NO. 88–0081)

AUGUST 11, 1989

LUM, C.J., NAKAMURA, PADGETT,
HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY HAYASHI, J.

Plaintiff–Appellant State of Hawaii (State) appeals the amended resentencing order reducing the sentence of Defendant–Appellee Glenn H. Williams (Williams). The trial court had sentenced Williams on June

3, 1988, he had then moved for a reconsideration of the sentence pursuant to Hawaii Rules of Penal Procedure (HRPP) Rule 35 on August 17, 1988, the trial court had denied the request, Williams had again sought a reconsideration on September 27, 1988, but the trial court had then reduced the sentence. State contends that the trial court erred because no jurisdiction existed to grant the untimely second reconsideration motion. We agree with State, therefore vacate the amended sentencing order, and remand the case for the imposition of the original sentence.

I.

## BACKGROUND FACTS

No events are disputed. On January 19, 1988, Williams was charged with committing the fraudulent use of a stolen American Express credit card in violation of Hawaii Revised Statutes (HRS) § 708–8100(1)(c) (Supp. 1987) plus 708–8100(2) (Supp. 1987) (Count I) as well as the second–degree theft of the services of the Holiday Inn Airport in violation of HRS §§ 708–831(1)(b) (Supp. 1988) and 708–830(2) (1985) (Count II) for the period from November 18, 1987 to December 19, 1987. On April 29, 1988, Williams entered a guilty plea admitting to having done the offenses.[1]

On June 3, 1988, the trial court entered its judgment ordering Williams to pay $5,977 restitution and sentencing him to two concurrent five year terms of imprisonment. Mittimus occurred immediately.

On August 17, 1988, the defense moved for a reconsideration (i.e. a reduction) of the sentence based on HRPP Rule 35 arguing that Williams 1) should be released on five years probation with credit for the time already served so he could return to New York to care for his seriously ill mother; and 2) had been on good behavior in prison. That same day, the

---

[1] Both State's statement of the case and the defense's counterstatement of the case violate HRAP Rule 28(b)(3) by not fully describing the crimes which Williams had committed. *See* Opening Brief at 3; Answering Brief at 1. Such omissions are inexcusable, and these mistakes must not be repeated. *State v. Cadus*, 70 Haw. 314, 769 P.2d 1105 (1989) (per curiam); *State v. Austin*, 70 Haw. 300, 769 P.2d 1098 (1989); *State v. Hanawahine*, 69 Haw. ____, 755 P.2d 466 (1988).

trial court denied the reconsideration ruling that 1) no new evidence had been raised; and 2) the motion was without merit.

Yet on September 27, 1988, the defense again sought a reconsideration essentially reasserting the same grounds for leniency posed earlier.[2]

On October 7, 1988, the trial court granted the defense request and ordered a resentencing of five years probation with the conditions that Williams 1) would be committed to prison for one year with credit for the time already served and with the possibility of an early release if arrangements with New York could be made; 2) sign a waiver of extradition; plus 3) adhere to the terms imposed in the previous sentencing order.

On October 28, 1988, Williams submitted the form to return to New York as well as the waiver of extradition. Accordingly on October 31, 1988, the trial court issued an amended resentencing order 1) giving Williams ten months of imprisonment with credit for the time already served; 2) allowing Williams to go back to New York; and 3) confirming the previous sentencing terms.

State then appealed on November 3, 1988.

## II.

### QUESTION PRESENTED

We answer the sole issue posed as follows.

Whether the trial court lacked the authority to grant the second reconsideration motion? YES.

## III.

### RECONSIDERING THE SENTENCE

State maintains that 1) the second reconsideration motion had been untimely filed more than ninety days after the original judgment of con-

---

[2] At the July 25, 1989 oral argument before this court, the defense counsel conceded that no new evidence had been submitted for the trial court's review. The record does not disclose the basis for the trial court's granting of the reconsideration in light of the earlier denial.

viction plus sentence; so 2) the trial court lacked the jurisdiction to consider the late request for leniency. Williams counters that 1) the trial court possessed the jurisdiction to reduce his sentence; and 2) the reinstatement of the original sentence would violate due process.

A trial court has the discretion to, within the time limits set forth by HRPP Rule 35, reduce a sentence. *State v. Rodrigues*, 68 Haw. 124, 706 P.2d 1293 (1985). This provision establishes (emphasis added):

### Rule 35. CORRECTION OR REDUCTION OF SENTENCE.

The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner *within the time provided herein for the reduction of sentence*. The court may reduce a sentence *within 90 days after the sentence is imposed*, or within 90 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 90 days after entry of any order or judgment of the Supreme Court of the United States denying review of, or having the effect of upholding a judgment of conviction. A motion to correct or reduce a sentence which is made within the time period aforementioned shall empower the court to act on such motion even though the time period has expired. The filing of a notice of appeal shall not deprive the court of jurisdiction to entertain a timely motion to reduce a sentence.

Although there is no Hawaii caselaw on point, authorities interpreting the Federal Rules of Criminal Procedure Rule 35 (which contains similar language to HRPP Rule 35 but has one hundred twenty–day periods) have stated that the time to submit a request to reduce a sentence cannot "be extended by filing a motion to reconsider the denial of a timely motion." 3 C. Wright, *Federal Practice & Procedure: Criminal 2d* § 587 (1982) at 409 (footnote omitted). That is, the first, timely motion for the reduction of Williams's sentence could not be revitalized by the mere act of filing the subsequent motion beyond the ninety–day period established by HRPP Rule 35. *See United States v. Dansker*, 581 F.2d 69 (3rd Cir. 1978).

Simply put, the later September 27, 1988 reconsideration motion rehashed the same arguments advanced in the prior August 17, 1988 motion challenging the June 3, 1988 sentence. *See* note 2, *supra*. Both motions are essentially the same, and the second motion was obviously untimely.

In *United States v. Hetrick*, 644 F.2d 752 (9th Cir. 1980), the prosecution appealed a district court's order granting the defendant's motion for reconsideration of the partial granting of an earlier, timely–filed reconsideration motion. Because the later motion had been submitted three hundred days after the affirmance on the appeal of the conviction, the Ninth Circuit Court of Appeals reversed by ruling that:

Fed.R.Crim.P. 35 authorizes a district court to reduce a sentence within 120 days after the sentence is imposed, or, as in this case, within 120 days after the district court's receipt of a mandate from the court of appeals affirming the judgment of conviction. The time limit established by Rule 35 is jurisdictional. *United States v. Addonizio*, 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979) (dictum); *Sanchez v. United States*, 572 F.2d 210, 211 (9th Cir. 1977). *See also* Fed.R.Crim.P. 45(b).

We held in *United States v. United States District Court*, 509 F.2d 1352 (9th Cir.), *cert. denied sub nom. Rosselli v. United States*, 421 U.S. 962, 95 S.Ct. 1949, 44 L.Ed.2d 448 (1975), that the timely filing of a Rule 35 motion does not give a district court jurisdiction to entertain subsequent, untimely Rule 35 motions. *The second motion will not be deemed to relate back to the first motion.* 509 F.2d at 1356. *Nor is the jurisdictional defect cured by styling the subsequent motion as a "motion for reconsideration." Cf. United States v. United States District Court*, 509 F.2d at 1356 (motion styled as a "motion for clarification").

*Id.* at 755–56 (emphasis added and footnote omitted). We adopt this logical reasoning as applied to HRPP Rule 35.

The HRPP Rule 35 time limits are thus jurisdictional, and the trial court, pursuant to HRPP Rule 45(b), had no power to grant the late motion for reconsideration. *See State v. Meafou*, 67 Haw. 41, 677 P.2d 459 (1984) (per curiam).[3] Hence, no jurisdiction existed to reduce Wil-

---

[3] The provision on time limits reads (emphasis added):

**Rule 45. Time.**

. . . .

liams's sentence after the denial of the timely first reconsideration motion and the expiration of the ninety–day period. *See United States v. Inendino*, 655 F.2d 108 (7th Cir. 1981).

## IV.

## DUE PROCESS

There are circumstances, however, where even a corrected illegal sentence may be fundamentally unfair in violation of due process. *State v. Delmondo*, 67 Haw. 531, 696 P.2d 344 (1985). But this case does not pose an instance involving a long period between the rendering of an illegal sentence and a necessary correct resentencing. *See State v. Fry*, 61 Haw. 226, 602 P.2d 13 (1979) (while unfortunate, the seven–year delay between an original wrong sentencing and the trial court's subsequent rectification was not an unreasonable denial of due process). Nor was the original five years of imprisonment plus the payment of restitution unduly harsh, excessive, or cruel and unusual punishment. *See State v. Kido*, 3 Haw. App. 516, 654 P.2d 1351 (1982) (a trial court retains the authority to correct an unlawful sentence at any time).[4]

And although Williams's presence in New York might benefit his ailing mother, he may be a good candidate for probation, and probation might best rehabilitate him, Williams has offered no substantial grounds

---

**(b) Enlargement.** When an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done if the failure to act was the result of excusable neglect; but the court *may not extend the time for taking any action* under Rules 29, 33, 34 and 35 of these rules and Rule 4(b) of the Hawaii Rules of Appellate Procedure, except to the extent and under the conditions stated in them.

[4] At the July 25, 1989 oral argument, the defense counsel admitted that the trial court's original sentence was not illegal. *See State v. Viloria*, 70 Haw. 58, 759 P.2d 1376 (1989). We agree with this assessment.

for not reimposing the original sentence. *Compare State v. Anderson*, 4 Haw. App. 102, 661 P.2d 716 (1983). There is no due process problem.[5]

## V.

## CONCLUSION

Based on the foregoing analysis, we must vacate the amended resentencing order and remand the case for the reinstitution of the original sentence. HRS § 641-16 (1985).

*James H. S. Choi*, Deputy Prosecuting Attorney, for Plaintiff-Appellant.

*James Tagupa* (*Clayton Kimoto* on the brief), Deputy Public Defenders, for Defendant-Appellee.

---

[5] We express no opinion on whether, because of his good behavior plus allegedly genuine repentance, Williams could be paroled early by the Hawaii Paroling Authority. *See State v. Scott*, 69 Haw. ___, 746 P.2d 976 (1987).