**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000684
29-NOV-2023
08:04 AM
Dkt. 67 SO**

NO. CAAP-22-0000684

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JANDEN JARNESKY, aka JANDEN KAWIKA KAIAMA,
Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-18-0000630)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and McCullen, JJ.)

Defendant-Appellant, Janden K. Jarnesky, aka Janden Kawika Kaiama (**Jarnesky**), appeals from the October 13, 2022 Judgment; Conviction and Sentence; Notice of Entry (**Judgment**) entered by the Circuit Court of the Second Circuit (**Circuit Court**)[1] in favor of the Plaintiff-Appellee the State of Hawai'i (**State**). On August 10, 2023, upon a temporary remand from this court, the Circuit Court entered an Amended Judgment; Conviction and Sentence; Notice of Entry (**Amended Judgment**).

---

[1]     The Honorable Kelsey T. Kawano presided.

On April 14, 2015, in 2PC151000225, Jarnesky was charged via felony information with four offenses: Counts 1 and 2, Theft in the Second Degree, in violation of Hawaii Revised Statutes (**HRS**) § 708-831(1)(b) (2014);[2] Count 3, Promoting a Dangerous Drug in the Third Degree, in violation of HRS § 712-1243(1) (2014);[3] and Count 4, Prohibited Acts Related to Drug Paraphernalia, in violation of HRS § 329-43.5(a) (2010).[4] Pursuant to a plea agreement, Counts 2 and 4 were dismissed with prejudice, and Jarnesky pled no contest to Counts 1 and 3. Jarnesky was sentenced to five years of probation on each of the two remaining counts, to run concurrently. Probation was revoked and reinstated multiple times between 2016 and 2021 due to

---

[2]     HRS § 708-831(1)(b) states:

**§ 708-831   Theft in the second degree**. (1) A person commits the offense of theft in the second degree if the person commits theft of:
. . . .
(b)     Property or services the value of which exceeds $300[.]

[3]     HRS § 712-1243(1) states:

**§ 712-1243   Promoting a dangerous drug in the third degree**. (1) A person commits the offense of promoting a dangerous drug in the third degree if the person knowingly possesses any dangerous drug in any amount.

[4]     HRS § 329-43.5(a) states:

**§ 329-43.5   Prohibited acts related to drug paraphernalia**. (a) It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this chapter. Any person who violates this section is guilty of a class C felony and upon conviction may be imprisoned pursuant to section 706-660 and, if appropriate as provided in section 706-641, fined pursuant to section 706-640.

Jarnesky's failures to comply with conditions of probation, notably, the use of illicit drugs.

Meanwhile, on August 20, 2018, in 2CPC-18-0000630, Jarnesky was charged via Felony Information and Non-Felony Complaint with eleven new offenses:  Count One, Theft of Credit Card, in violation of HRS § 708-8102(1) (2014);[5] Count Two, Fraudulent Use of a Credit Card, in violation of HRS § 708-8100(1)(a) (2014);[6] Counts Three - Eight, Theft in the Second Degree, in violation of HRS § 708-831(1)(b), (Supp. 2022)[7] and

_____

[5]     HRS § 708-8102(1) states:

> **§ 708-8102  Theft, forgery, etc., of credit cards.**
> (1) A person who takes a credit card from the person, possession, custody, or control of another without the cardholder's consent or who, with knowledge that it has been so taken, receives the credit card with intent to use it or to sell it, or to transfer it to a person other than the issuer or the cardholder commits the offense of credit card theft.  If a person has in the person's possession or under the person's control credit cards issued in the names of two or more other persons, which have been taken or obtained in violation of this subsection, it is prima facie evidence that the person knew that the credit cards had been taken or obtained without the cardholder's consent.

[6]     HRS § 708-8100(1)(a) states:

> **§ 708-8100  Fraudulent use of a credit card.**  (1) A person commits the offense of fraudulent use of a credit card, if with intent to defraud the issuer, or another person or organization providing money, goods, services, or anything else of value, or any other person, the person:
>          (a)   Uses or attempts or conspires to use, for the purpose of obtaining money, goods, services, or anything else of value a credit card obtained or retained in violation of section 708-8102 or a credit card which the person knows is forged, expired, or revoked[.]

[7]     HRS § 708-831(1)(b) states:

> **§ 708-831  Theft in the second degree.**  (1) A person commits the offense of theft in the second degree if the person commits theft of:
> ....

(continued...)

potentially subject to sentencing in accordance with HRS § 706-606.5 (Supp. 2022) to a mandatory minimum period of imprisonment without the possibility of parole; <u>Count Nine</u>, Theft in the Third Degree, in violation of HRS § 708-832(1)(a) (Supp. 2022);[8] and <u>Counts Ten - Eleven</u>, Theft in the Fourth Degree, in violation of HRS § 708-833(1) (Supp. 2022).[9] Jarnesky petitioned and was granted admission to the Maui Drug Court Program, pursuant to certain admissions, waivers, and an agreement to pay restitution. After missed contacts with the drug court supervisor, missed counseling sessions, relapsed drug use, and Jarnesky's absenting himself from Aloha House without authorization, and after further proceedings including a stipulated facts trial, the Circuit Court found an adequate factual basis existed to find Jarnesky guilty on the charges in 2CPC-18-0000630.

Jarnesky was then sentenced to five years imprisonment in 2CPC-18-0000630, and resentenced in 2PC151000225 to five years

---

[7](...continued)
(b)     Property or services the value of which exceeds $750[.]

[8]     HRS § 708-832(1)(a) states:

**§ 708-832  Theft in the third degree**.  (1) A person commits the offense of theft in the third degree if the person commits theft:
(a)   Of property or services the value of which exceeds $250[.]

[9]     HRS § 708-833(1) states, in pertinent part:

**§ 708-833  Theft in the fourth degree**.  (1) A person commits the offense of theft in the fourth degree if the person commits theft of property or services of any value not in excess of $250.

imprisonment, with the terms to be served consecutively. Jarnesky timely appealed.

Jarnesky raises a single point of error on appeal, contending that the Circuit Court abused its discretion in sentencing Jarnesky to consecutive five-year terms in the two criminal cases, for a total of ten years.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Jarnesky's point of error as follows:

Jarnesky argues that the Circuit Court abused its discretion by: (1) ordering consecutive sentences when Jarnesky was simply trying to care for his dying father; and (2) not articulating its own reasoning during sentencing, but simply adopting the State's argument, citing State v. Hussein, 122 Hawaiʻi 495, 509, 229 P.3d 313, 327 (2010), for the proposition that a court must state its reasons as to why a consecutive, not concurrent, sentence was required.

A sentencing court is afforded wide latitude in the selection of penalties from those prescribed and in the determination of their severity. Rapozo v. State, 150 Hawaiʻi 66, 81, 497 P.3d 81, 96 (2021). Sentencing courts must consider the factors in HRS § 706-606. However, the weight given to the factors in HRS § 706-606 in imposing a sentence is generally left to the discretion of the sentencing court, taking into

consideration the circumstances of each case. See State v. Kong, 131 Hawaiʻi 94, 101, 315 P.3d 720, 727 (2013). Hussein requires a court to state on the record the reasons for why it sentenced a defendant to consecutive, and not concurrent, terms of imprisonment. Hussein, 122 Hawaiʻi at 509, 229 P.3d at 327.

First, we conclude that the Circuit Court did not abuse its discretion by not giving greater weight to Jarnesky's explanation for why he left the Maui Drug Court Program, that he needed to take care of his terminally-ill father. The court pointed out that Jarnesky left the rehabilitation program for seven months with no contact to the Maui Drug Court, and that if he was interested in coming back to the program, he should have come back or contacted the Maui Drug Court, which he did not. In State v. Kahapea, the Hawaiʻi Supreme Court stated that medical circumstances are not compulsory mitigators for sentencing. 111 Hawaiʻi 267, 281, 141 P.3d 440, 454 (2006). In State v. Williams, the defendant moved for reconsideration of his sentence and requested he be released on probation so he could return to New York to care for his seriously ill mother. 70 Haw. 566, 567, 777 P.2d 1192, 1193 (1989). The supreme court rejected defendant's request for early release, stating:

> [A]lthough Williams's presence in New York might benefit his ailing mother, he may be a good candidate for probation, and probation might best rehabilitate him, Williams has offered no substantial grounds for not reimposing the original sentence.

Id. at 571, 777 P.2d at 1195.

Jarnesky offers no authority supporting his contention that the court must "show mercy" by reinstating his probation. Under the circumstances of this case, we cannot conclude that the Circuit Court abused its discretion by failing to be persuaded by this argument.

Here, the Circuit Court viewed Jarnesky's violation of the Maui Drug Court Program as egregious, noting "you absconded from the program for months with no contact to the Drug Court . . . . [I]f you were interested in coming back you should come back, and you did not. No contact. Seven months. Seven months out of contact." The court stated its reasons for imposing a consecutive prison term as follows:

> For all the reasons that the prosecutor set out, and considering all of the considerations and factors set out in HRS Sec -- Section 706-606, including nature and circumstances of the offense, your history, your characteristics.
> These are serious offenses, and when the Court reimposed sentences of probation, as you are asking, that being a slap in the face of this Court of its efforts to try and rehabilitate you, to provide you services in the community, it would not promote respect for the law. It would not provide just punishment for the offenses that you've committed.
> It would not afford adequate deterrence to further criminal conduct. There's a need to impose jail time to protect the public from your further offenses.
> And at this time we've, frankly, exhausted all efforts to provide you rehabilitative services in the community.

In <u>Kong</u>, the supreme court held the following statements by a sentencing judge sufficient to satisfy the requirement set in <u>Hussein</u>:

> Taking into consideration all of the factors set forth in [HRS §] 706-606, including the extensive record of the defendant, which includes six burglary convictions, . . . ten felonies, which represents a lot of harm in our community.

7

> The Court is going to impose the following sentence in this matter. The defendant will be committed to the care and custody of the Director of the Department of Public Safety for a period of ten years on Count 1, five years on Count 2.
>
> . . . .
>
> In view of his extensive criminality, the Court is going to make these counts run consecutive for a total of fifteen years, mittimus forthwith, full credit for time served.
>
> I will order that he be given an opportunity to participate in the Cash Box drug treatment program at the earliest convenience of the Department of Public Safety.

131 Hawaiʻi at 99, 315 P.3d at 725. In upholding the lower court's sentencing order, the supreme court explained:

> [T]he sentencing court is not required to articulate and explain its conclusions with respect to every factor listed in HRS § 706-606. Rather, 'it is presumed that a sentencing court will have considered all factors before imposing concurrent or consecutive terms of imprisonment under HRS § 706-606.' Thus, the sentencing court is required to articulate its reasoning only with respect to those factors it relies on in imposing consecutive sentences.

Id. at 102, 315 P.3d at 728 (citations omitted). The supreme court continued, stating that although Hussein required that a court articulate its reasons for imposing a consecutive sentence on the record during sentencing, the examples Hussein provided were illustrative, and that the critical question is whether the circuit court articulated a "meaningful rationale" for the sentence in light of the factors set forth in HRS § 706-606. See id. at 103-04, 315 P.3d at 729-30. In Kong, the supreme court concluded that the circuit court's reasoning of "'extensive criminality', sufficiently justified the imposition of a consecutive sentence", and satisfied Hussein. Id. at 104, 315 P.3d at 730 (brackets omitted).

8

In this case, the Circuit Court made extensive statements at an October 6, 2022 sentencing hearing explaining its reasons for imposing consecutive sentences on Jarnesky.  The court noted its prior attempts to rehabilitate Jarnesky and to provide him services in the community and the times the court reimposed probation after it was breached.  The court considered the HRS § 706-606 factors and weighed them, including Jarnesky's history, characteristics, and the nature of the offenses.  Further, the court noted that further probation would not be adequate deterrent to further criminal conduct, nor would it protect the public from Jarnesky's further offenses.  The explanation given by the court here regarding the reasons for imposing consecutive terms of imprisonment is consistent with the explanation the supreme court found satisfied <u>Hussein</u> in <u>Kong</u>.  Thus, we conclude that the court did not abuse its discretion in sentencing Jarnesky to two consecutive five-year terms of imprisonment.

For these reasons, the Circuit Court's August 10, 2023 Amended Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, November 29, 2023.

On the briefs:                          /s/ Katherine G. Leonard
                                        Presiding Judge
Gerald T. Johnson,
for Defendant-Appellant.                /s/ Keith K. Hiraoka
                                        Associate Judge

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,            /s/ Sonja M.P. McCullen
County of Maui,                         Associate Judge
for Plaintiff-Appellee.