**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000828**
**30-JAN-2026**
**08:08 AM**
**Dkt. 72 SO**

NO. CAAP-24-0000828


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
OWEN D. DOO, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1PC051001262)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and McCullen, JJ.)

Defendant-Appellant Owen Doo (**Doo**) appeals from the December 9, 2024 Order to Transfer Pleadings to be Processed as a Post-Conviction Proceeding Under Rule 40 of the Hawaiʻi Rules of Penal Procedure[1] [(**HRPP**)] (**Order to Transfer**) entered by the

---

[1] HRPP Rule 40(a)(2) & (c)(2) provide in pertinent part:

>    **(a) Proceedings and Grounds.** The post-conviction proceeding established by this rule shall encompass all common law and statutory procedures for the same purpose, including habeas corpus and coram nobis; provided that the foregoing shall not be construed to limit the availability of remedies in the trial court or on direct appeal. Said proceeding shall be applicable to judgments of conviction and to custody based on judgments of conviction, as follows:
>
>    . . . .
>
>    (2) *From Custody.* Any person may seek relief under the procedure set forth in this rule from custody based upon a judgment of conviction, on the following grounds:
>        (i)   that the sentence was fully served;
>        (ii)  that parole or probation was unlawfully revoked; or
>        (iii) any other ground making the custody, though not the judgment, illegal.

(continued...)

Circuit Court of the First Circuit (**Circuit Court**) in 1PC051001262 (the **2005 Case**).[2]

Doo raises a single point of error on appeal, contending that the Circuit Court erred "when it treated Doo's Motion to Correct Sentence and Restore the Maximum Term of Imprisonment as a nonconforming HRPP Rule 40 petition for post-conviction relief, removed the file from [the 2005 Case], and filed it in the next numbered CPN case."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Doo's point of error as follows:

In the 2005 Case, Doo was charged with and pleaded guilty to four drug-related charges. On August 7, 2006, the Circuit Court sentenced Doo to concurrent terms of probation with, *inter alia*, a one-year prison term with credit for time served as a special condition of probation in three of the counts. No appeal was filed.

On February 17, 2009, while still on probation in the 2005 Case, Doo was charged with, and two months later pleaded

---

[1](...continued)

. . . .

**(c)  Form and Content of Petition.**

. . . .

(2) *Nonconforming Petition.* Where a post-conviction petition deviates from the form annexed to these rules, it shall nevertheless be accepted for filing and shall be treated as a petition under this rule provided that the petition (i) claims illegality of a judgment or illegality of "custody" or "restraint" arising out of a judgment[.]

[2]   The Honorable Ronald G. Johnson presided.

guilty to, three new drug-related charges (the **2009 Case**). Doo was ultimately sentenced to concurrent prison terms in the 2009 Case. No appeal was filed.

On May 27, 2009, the State of Hawaiʻi (the **State**) filed, *inter alia*, a Motion for Revocation of Probation and Resentencing in the 2005 Case, which was granted. On November 7, 2011, in the 2005 Case, the Circuit Court resentenced Doo to concurrent twenty-year and five-year terms, with his maximum term expiring January 20, 2032. No appeal was taken from the resentencing.

On March 18, 2021, Hawaiʻi Paroling Authority (**HPA**) released Doo on parole "effective only to immediate admission into a clean and sober house." Standard terms and conditions of parole required Doo to, *inter alia*, "keep the parole officer/parole supervisor informed as to your whereabouts." Special terms and conditions required Doo to, *inter alia*, "remain in clean and sober house/structured living program for a period of six months of your release from prison." HPA's Order of Parole stated, *inter alia*, that failure to abide by the terms and conditions would result in suspension of parole. Doo signed and accepted HPA's terms and conditions.

On March 25, 2021, HPA issued a Warrant of Arrest for Doo, alleging that Doo: (1) was in possession of methamphetamine on March 19, 2021; (2) failed to remain in clean and sober housing for the required six months; and (3) failed to inform his parole officer of his whereabouts.

Doo was arrested on June 25, 2024. HPA held a revocation hearing on August 7, 2024, at which Doo "pleaded guilty" to the violations. HPA ordered Doo's parole "revoked for the balance of maximum sentence" and ruled that due to parole suspension from March 25, 2021, to June 25, 2024, Doo's new maximum sentence would expire on April 22, 2035.

On September 18, 2024, in the 2005 Case, Doo filed a Motion to Correct Sentence and Restore the Maximum Term of Imprisonment (**Motion to Correct**), pursuant to, *inter alia*, HRPP Rule 35.

On December 9, 2024, in the 2005 Case, the Circuit Court entered the Order to Transfer, concluding in relevant part:

> Defendant's Petition filed almost thirteen years after Defendant's sentence was final, does not seek relief from the judgment of conviction issued by the Circuit Court of the First Circuit nor does it challenge Defendant's sentence to the indeterminate twenty-year term of imprisonment sentence issued by the court. Instead, Defendant seeks relief, as outlined in Rule 40(a) of the [HRPP], from Defendant's "custody based upon a judgment of conviction" on the ground that his "custody, though not the judgment, [is] illegal." Haw. R. Penal P. 40(a), (a)(2), and (a)(2)(iii), Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997) ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release"). As such, this court deems Defendant's Petition to be a Nonconforming Petition for Post-Conviction Relief pursuant to HRPP Rule 40(c)(2).

The Circuit Court ordered that the Motion to Correct be removed from the 2005 Case and refiled under the next CPN case number. On December 12, 2024, Doo timely filed a notice of appeal from the Order to Transfer.

As a preliminary matter, we address the State's argument that this court lacks appellate jurisdiction to review the Order to Transfer, which was entered in the 2005 Case,

4

because it does not end Doo's post-conviction proceedings. This argument is without merit. The Order to Transfer effectively denied Doo's request for relief pursuant to HRPP Rule 35 and terminated the proceedings in the 2005 Case. We conclude that we have appellate jurisdiction to consider whether the Circuit Court properly denied relief under HRPP Rule 35. See, e.g., State v. Kahapea, 111 Hawaiʻi 267, 269, 141 P.3d 440, 442 (2006) (affirming circuit court's denial of HRPP Rule 35 motion); State v. Guillermo, 91 Hawaiʻi 307, 308, 983 P.2d 819, 820 (1999) (vacating circuit court's denial of HRPP Rule 35 motion); State v. Williams, 70 Haw 566, 567, 777 P.2d 1192, 1193 (1989) (vacating circuit court's grant of HRPP Rule 35 motion, remanding for imposition of original sentence).

The sole issue properly before us in this appeal is whether the Circuit Court erred in construing Doo's Motion to Correct as an HRPP Rule 40 petition. Doo contends that he is entitled to relief pursuant to HRPP Rule 35(a), which provides in relevant part:

> **(a) Correction of Illegal Sentence.** The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. <u>A motion made by a defendant to correct an illegal sentence more than 90 days after the sentence is imposed shall be made pursuant to Rule 40 of these rules.</u> A motion to correct a sentence that is made within the 90 day time period shall empower the court to act on such motion even though the time period has expired.

(Emphasis added.)

It is undisputed that Doo did not appeal from the original judgment and sentence in the 2005 Case, which became final and appealable in 2006, or when he was resentenced by the

5

Circuit Court (in the 2005 Case) in 2011. Citing Hawaii Revised Statutes (**HRS**) § 706-670(6), Doo argues in essence that HPA resentenced him again in the Order of Parole. This argument is without merit.

HRS § 706-670(6) must be read in context of the entire statutory provision, including HRS § 706-607(8). See, e.g., Williamson v. Haw. Paroling Auth., 97 Hawaiʻi 183, 193, 35 P.3d 210, 220 (2001). HRS § 706-670 provides, in part:

> **§ 706-670  Parole procedure; release on parole; terms of parole, recommitment, and reparole; final unconditional release.**
> . . . .
>
> (6)  Sentence of imprisonment includes separate parole term. A sentence to an indeterminate term of imprisonment under this chapter includes as a separate portion of the sentence a term of parole or of recommitment for violation of the conditions of parole.
>
> . . . .
>
> (8)  Length of recommitment and reparole after revocation of parole. If a parolee's parole is revoked, the term of further imprisonment upon such recommitment and of any subsequent reparole or recommitment under the same sentence shall be fixed by the authority but shall not exceed in aggregate length the unserved balance of the maximum term of imprisonment.

Reading these parts together, it is clear that upon revocation of parole and recommitment of a parolee, HPA is required to "fix" – i.e., determine – the term of further imprisonment. This is not a new sentence – HPA is merely setting the remaining term of the same sentence, which "shall not exceed in aggregate length the unserved balance of the maximum term of imprisonment." Id.

Therefore, we conclude that the Circuit Court did not err in concluding that Doo was not entitled to relief pursuant to HRPP Rule 35, and instead, Doo was entitled to challenge HPA's actions in an HRPP Rule 40 proceeding.

6

For these reasons, the Circuit Court's December 9, 2024 Order to Transfer is affirmed.[3]

DATED:  Honolulu, Hawaiʻi, January 30, 2026.

On the briefs:

Sara K. Haley,
Deputy Public Defender,
for Defendant-Appellant.

Randall S. Nishiyama,
Alyssa-Marie Y. Kau,
Deputy Attorneys General,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

---

[3]    This disposition is not intended to comment on or bar any relief sought by Doo in the HRPP Rule 40 proceedings.